UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEREMY ALLAN JAMES,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                       22-CV-7469 (NRM) (AYS)

        -against-

WELL LIFE NETWORK INCORPORATED;
THE STATE UNIVERSITY OF NEW YORK;
JACLYN LEVINE,

                Defendants.
------------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

On December 2, 2022, Plaintiff Jeremy Allan James, a citizen of New York, filed this action *pro se*, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1. By Memorandum and Order dated March 23, 2023, the Court dismissed the complaint without prejudice for lack of subject matter jurisdiction and granted Plaintiff thirty days leave to file an Amended Complaint to set forth facts to establish that the Court has subject matter jurisdiction over Plaintiff's claims and that Plaintiff has standing to bring claims.[1] ECF No. 5. On April 18, 2023, Plaintiff filed an Amended Complaint seeking to file a qui tam action and alleging violation of federal criminal statute 18 U.S.C. § 1031. ECF No. 6. For the reasons discussed below, Plaintiff's Amended Complaint is dismissed.

---

[1] Plaintiff was advised that the Amended Complaint will completely replace the original complaint.

1

## BACKGROUND

Plaintiff argues, as he did in his original complaint, that Defendants Well Life Network Incorporated, The State University of New York, and Jaclyn Levine did not provide adequate care to patients while Plaintiff was participating in a fellowship program through the university.[2]  ECF No. 6 at 7-9.  Plaintiff now further alleges that Defendants violated federal criminal statute 18 U.S.C. § 1031 by committing fraud and "owe [Plaintiff] and the U.S. Government funds due to their violations."  *Id.* at 5.  Plaintiff seeks "financial relief and correction of the situation."  *Id.* at 6.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

---

[2] Familiarity with the underlying facts in this case and the Court's legal reasoning in the Court's March 23, 2023 Order are assumed.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action fails to state a claim on which relief may be granted. In addition, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont,* 565 F.3d 56, 62–63 (2d Cir. 2009).

## DISCUSSION

### I.   Claims Under Criminal Statutes

As discussed in the Court's prior Order, the subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented under 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332. Here, Plaintiff seeks to assert federal question jurisdiction under federal criminal statute 18 U.S.C. § 1031. However, private citizens such as Plaintiff do not have a right to bring a criminal proceeding. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or

3

nonprosecution of another."). *See also El Bey v. Dogdig*, No. 22-CV-0091, 2022 WL 784035, at *2 (S.D.N.Y. Mar. 15, 2022) ("[B]ecause Plaintiff lacks standing to cause the criminal prosecution of others, the Court dismisses, for lack of subject matter jurisdiction, any claims in which he seeks the criminal prosecution of any of the defendants." (citation omitted)).

## II.  Qui Tam Claim

To the extent Plaintiff seeks to bring a qui tam claim under the False Claims Act, 31 U.S.C. §§ 3729 et seq. ("FCA"), which imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval, 31 U.S.C. § 3729(a), Plaintiff may not do so.  An FCA claim may be brought by either the federal government or by a private person, known as a "relator," who sues on behalf of the United States in a qui tam action.  *See* 31 U.S.C. §§ 3730(a), (b)(1).  However, the False Claims Act does not permit a *pro se* litigant to bring qui tam claims.  *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se."); *Klein v. City of New York*, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012) ("[A] pro se plaintiff[ ] lacks standing as a relator in a qui tam action pursuant to the FCA.").

In addition, actions brought under the False Claims Act must follow stringent procedural requirements.  One of those requirements is that the person

4

bringing the suit (the relator) must first file the action under seal and must formally bring the action "on behalf of" the United States; these procedures are required in order to give the Government the opportunity to intervene and prosecute the action itself if it so chooses. *See United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 194-95 (S.D.N.Y. 2016). Plaintiff failed to follow those procedures in this action. A failure to abide by this procedure is typically fatal and requires dismissal of the complaint with prejudice, meaning that the plaintiff cannot re-file the action even if he uses the correct procedures. *U.S. ex rel Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-1000 (2d Cir. 1995) (concluding that the district court had abused its discretion when it dismissed an improperly filed qui tam action without prejudice); *U.S. ex rel. Le Blanc v. ITT Indus., Inc.*, 492 F. Supp. 2d 303, 308 (S.D.N.Y. 2007) ("[T]he complaint must be dismissed with prejudice because [of] relator's failure to comply with the statutory requirements of the False Claims Act."); *Eeon v. Fed. Rsrv. Bd.*, 17-cv-6611, 2018 WL 10050314, at *2 (S.D.N.Y. Apr. 4, 2018) ("[Q]ui tam actions must be dismissed with prejudice where the party bringing the claim has not adhered to the statutory filing requirements.").

## CONCLUSION

Plaintiff's Amended Complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). As a result, the Court lacks the authority to exercise supplemental jurisdiction over any potential state law claims raised in Plaintiff's complaint. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir.

5

2017) ("[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." (citation and quotation marks omitted)). To the extent the Court could exercise supplemental jurisdiction over any claims in this action, it declines to do so. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 confirms the discretionary nature of supplemental jurisdiction." (citation and quotation marks omitted)).

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to further amend his complaint but finds that further amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s NRM  
NINA R. MORRISON  
United States District Judge

Dated:    Brooklyn, New York  
          June 14, 2023